DAVID CONRAD & another *vs.* MASSASOIT INSURANCE COMPANY.

An award is rightly rejected if, previously to the selection of the arbitrators, a portion of
them made an *ex parte* examination of the matter afterwards submitted to them, at the
request of one of the parties, to whom the substance of the result at which they arrived
was known, and these facts were not communicated to the other party.  So, also, it is a
good reason for setting aside an award, and refusing to recommit it to the same arbitra-
tors, if they decided upon the matters submitted to them before giving notice of a hear
ing to one of the parties.

AWARD rendered upon a submission entered into before a
justice of the peace, under Gen. Sts. *c.* 147, § 1, by which the
amount due to the plaintiffs from the defendants under a policy
of insurance was referred to John Field, Daniel W. Wilcox,
and George A. Hall, and fixed by them at $1710.51.

In the superior court, the plaintiffs moved to set aside the
award, and the defendants moved to recommit the same.  Both
motions were heard together, upon evidence introduced by both
parties, without objection, and the following facts were estab-
lished :  On the morning after the fire, the defendants' agent
called upon Messrs. Field and Wilcox, two of the persons sub-
sequently agreed upon as arbitrators, to examine the injured
property and appraise the loss.  They did so, and saw Jacob
Conrad, one of the plaintiffs, and asked him some questions
relative to the goods, which he answered, and thereupon they
made an estimate of the loss.  Subsequently, a dispute as to the

amount of the loss having arisen between the plaintiff, David Conrad, and the defendants, the agent of the latter proposed to refer the question to Messrs. Field & Wilcox, to which David Conrad said, " Why not take Mr. Hall also ? " to which the agent acceded, and the submission was accordingly entered into. The agent knew at this time that Messrs. Field & Wilcox had substantially arrived at a conclusion as to the amount of the loss, and about what amount they had agreed upon; but the facts were not known to either of the plaintiffs, who, although they knew that the surnames of the men proposed were the same as of those who made the examination, did not know that they were the same persons, or that the view which they had made was to be a part of the hearing. Without any notice to the plaintiffs, Messrs. Field & Wilcox told Mr. Hall that they had examined the property, and he had better do so ; which he did, alone. They then met and made up their result. David Conrad casually heard that they had agreed upon an award, and went to Mr. Hall and asked him how it happened that they had decided without a notice or hearing. At about this time, steps were taken for giving notice to the parties ; but the plaintiffs did not appear. Each of the referees testified that the question of notice arose after they had substantially agreed upon the amount of the loss.

Upon these facts, the defendants contended that, as matter of law, it was their right to have the award accepted, or at least recommitted for the purpose of having the arbitrators state whether notice of the time and place of the hearing had been given previously to making up the award, and whether the parties appeared ; but *Lord*, J. ordered that the award be set aside. The defendants alleged exceptions.

*G. W. Searle*, for the defendants.

*S. J. Thomas*, for the plaintiffs.

Bigelow, C. J. The power of the court over the award was plenary. They had a right to accept, recommit or reject it. Gen. Sts. *c.* 147, § 10. If, however, the judgment or decree which they entered in the case was erroneous in matter of law, the aggrieved party may obtain a revision of it by this court on exceptions. *Eaton* v. *Hall*, 5 Met. 287.

In the present case, the award was rightly rejected. The facts show that two of the referees, at the time of their appointment, were not impartial men, but had, in effect, prejudged, by an *ex parte* examination of the property, the very question which was submitted to them by the parties. If this fact had been known to the plaintiffs at the time they assented to th selection of the arbitrators, and entered into the rule, it might have been held that any objection on this ground had been waived ; but it appears that they were ignorant of it, and that, although it was well known to the defendants' agent, it was not disclosed to the plaintiffs. This concealment certainly wears an aspect of fraudulent collusion.

Another good reason for setting aside the award and refusing to recommit it to the same arbitrators was, that due notice was not given to the plaintiffs of a hearing on the subject matter of the submission. A notice, after the arbitrators had examined the property and made up their minds as to the extent of the damages sustained by the plaintiffs, was too late. The object of a notice is to give an opportunity to the parties to present their case to the arbitrators before a conclusion is arrived at. It is an idle ceremony, if given after the judgment of the arbitrators is formed.                                    *Exceptions overruled.*